IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO MAESTAS, CHAD HENRY,
and ERIKA HENRY,

    Plaintiffs,

v.                                                                                            No. 14-cv-0631 GBW/SMV

CIMAREX ENERGY CO.; T&T TRANSPORTS, INC.;
CASEDHOLE SOLUTIONS, INC.;
HALLIBURTON ENERGY SERVS., INC.;
STEPHEN THERIAULT; JAMES HUMES;
BOB MOSS; JOSE GARZA; DONALD JOHNSON;
JAMES HARRIS; MIKE KELLY; CARLOS CASTILLO;
and JOHN or JANE DOES 1–5;

    Defendants.[1]

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, will "meet and confer" no later than **October 27, 2014**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial

---

[1] Summary judgment was granted in favor of Defendants T&T Transports, Inc. and Jose Garza on all claims on August 11, 2014. [Doc. 36]. Claims against Defendants Stephen Theriault, James Humes, Bob Moss, Donald Johnson, James Harris, and Mike Kelly, and Carlos Castillo were dismissed on September 16, 2014. [Doc. 55]. The remaining defendants are Climarex Energy Co., Casedhole Solutions, Inc., Halliburton Energy Services, Inc., and John or Jane Does 1–5.

scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within twenty-one days of the meet-and-confer session.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **November 10, 2014**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 initial scheduling conference will be held by telephone on **December 1, 2014, at 1:30 p.m.** To connect to the proceedings, counsel shall call Judge Vidmar's Teleconference Line at **(215) 446-3656**, using code **4382538**. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2). We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

**Meet and Confer by:**                                                                 **October 27, 2014**

| | |
|---|---|
| **JSR filed by:** | November 10, 2014 |
| **Initial Disclosures due within 21 days of the meet-and-confer session, but in no event later than:** | November 17, 2014 |
| **Telephonic Rule 16 Initial Scheduling Conference:** | December 1, 2014, at 1:30 p.m. |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**