IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO MAESTAS, CHAD HENRY,
and ERIKA HENRY,

    Plaintiffs,[1]

v.                                                          No. 14-cv-0631 GBW/SMV

CIMAREX ENERGY CO.; T&T TRANSPORTS, INC.;
CASEDHOLE SOLUTIONS, INC.;
HALLIBURTON ENERGY SERVS., INC.;
STEPHEN THERIAULT; JAMES HUMES;
BOB MOSS; JOSE GARZA; DONALD JOHNSON;
JAMES HARRIS; MIKE KELLY; CARLOS CASTILLO;
and JOHN or JANE DOES 1–5;

    Defendants.[2]

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held on December 1, 2014. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 66] is adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Complex**" track classification.

---

[1] The Amended Complaint [Doc. 42], filed August 27, 2014, did not name Chad Henry and Erika Henry as plaintiffs. Accordingly, both Chad Henry and Erika Henry were terminated as plaintiffs.

[2] Summary judgment was granted in favor of Defendants T&T Transports, Inc. and Jose Garza on all claims on August 11, 2014. [Doc. 36]. Claims against Defendants Stephen Theriault, James Humes, Bob Moss, Donald Johnson, James Harris, and Mike Kelly, and Carlos Castillo were dismissed on September 16, 2014. [Doc. 55]. The remaining defendants are Climarex Energy Co., Casedhole Solutions, Inc., Halliburton Energy Services, Inc., and John or Jane Does 1–5.

Plaintiff(s) shall be allowed until **January 12, 2015**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).  Defendant(s) shall be allowed until **January 26, 2015**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report.  *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[3]  Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[4] no later than **March 2, 2015**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **April 1, 2015**.  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The Court limits depositions to ten for Plaintiff and ten for Defendants.  Depositions, other than those of parties and experts, are limited to six hours, unless extended by agreement of the parties.

The termination date for discovery is **June 29, 2015**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a

---

[3] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[4] Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. The Court will not limit the number of requests for admission served by each party at this time. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **July 20, 2015**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **July 30, 2015**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff(s) to Defendant(s) on or before **September 14, 2015**; Defendant(s) to Court on or before **September 28, 2015**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**